UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

ELECTRICAL WORKERS' INSURANCE
FUND, *et al*,

    Plaintiffs,

v

APPLIED BUILDING TECHNOLOGIES,
INC., a/k/a APPLIED BUILDING
TECHNOLOGIES and a/k/a SECURTEC
ELECTRONICS SYSTEMS, INC.,

    Defendant.
_____/

Case No. 10-10897

Hon. George Caram Steeh

CONSENT ORDER MODIFYING ORDER FOR EXAMINATION OF JUDGMENT DEBTOR
AND RESTRAINING TRANSFER OF CERTAIN PROPERTY SUPPLEMENTARY TO
JUDGMENT AS ENTERED ON JULY 3, 2012 [DOCKET NO. 71]

THIS MATTER having come before the Court upon the consent of the parties, the Court having been apprised of the following:

1. On October 4, 2010, Plaintiff, Electrical Workers' Insurance Fund, et al ("Plaintiff") obtained an Amended Consent Judgment against Defendant Applied Building Technologies, Inc. a/k/a Applied Building Technologies and a/k/a Securtec Electronics Systems, Inc. ("Defendant") in the amount of $146,814.46 (the "Judgment", Docket No. 24).

2. The Judgment remains unsatisfied.

3. Plaintiffs and Defendant entered into a certain Forbearance Agreement dated December 7, 2011 (the "Forbearance Agreement"), which provided for, among other things, the opportunity for Defendant to satisfy the Judgment in installment payments absent default pursuant to the terms and conditions of the Forbearance Agreement.

4. Defendant defaulted on the Forbearance Agreement on multiple occasions and, as of July 3, 2012, remained in default. Plaintiffs, in accordance with the Forbearance Agreement, accelerated the judgment balance and proceeded with post-judgment remedies, including filing of a motion for order for examination of judgment debtor and to restrain transfer of certain property supplementary to judgment.

5. On July 3, 2012, the Court entered its Order for Examination of Judgment Debtor and Restraining Transfer of Certain Property Supplementary to Judgment (the "Restraining Order", Docket No. 71].

6. The parties have reached an agreement to reinstate the terms of the Forbearance Agreement contingent upon the lack of a subsequent default in terms of the Forbearance Agreement by Defendant.

7. As a result of the reinstatement of the Forbearance Agreement referenced in paragraph 6 above, the parties seek to modify the Restraining Order to allow the Defendant, in the absence of a subsequent default under the terms of the Forbearance Agreement, to make certain expenditures in the ordinary, routine course of its business affairs.

The Court having noted the consent of the parties and being otherwise fully advised in the premises;

NOW THEREFORE,

IT IS ORDERED as follows:

The Restraining Order [Docket No. 71] is hereby modified in pertinent part as follows:

A. Subject to paragraph B below, Defendant, and its officers, directors, employees and agents, and any third party who is served with a true and entered copy of the Order, are restrained from transferring or disposing of any property of Defendant, which is

outside the ordinary and routine course of the business affairs of the Defendant. In this regard, and absent a subsequent default by Defendant under the terms of the Forbearance Agreement, Defendant may continue to make expenditures in the ordinary, routine course of its daily business affairs.

      B.    In the event of a subsequent default by Defendant under the terms of the Forbearance Agreement, upon filing of an ex parte affidavit of Plaintiffs, setting forth the occurrence of a subsequent default, the above modification to the Restraining Order shall be null and void and the original provisions of the Restraining Order as entered on July 3, 2012 [Docket No. 71] shall be immediately reinstated and in full force and affect.

      C.    Except as modified above, the terms of this Court's Restraining Order dated July 3, 2012 [Docket No. 71] remain in full force and effect.

                        s/George Caram Steeh
                        United States District Judge

Dated: September 27, 2012

APPROVED FOR ENTRY:

| ERMAN, TEICHER, MILLER, ZUCKER & FREEDMAN, P.C. | ERIC A. LADASZ, P.C. |
|---|---|
| /s/ Craig E. Zucker | /s/ per consent of Eric A. Ladasz |
| CRAIG E. ZUCKER (P39907) | ERIC A. LADASZ (P65354) |
| Counsel for Plaintiffs | Counsel for Defendant |
| 400 Galleria Officentre, Suite 444 | 23936 Michigan Avenue |
| Southfield, Michigan 48034 | Dearborn, Michigan 48124 |
| (248) 827-4100 | (313) 274-2890 |
| czucker@ermanteicher.com | eladasz@yahoo.com |
| DATED: September 24, 2012 | DATED: September 24, 2012 |